DENNIS A. MORRISON and another *vs.* NATHAN G. ABBOTT and Wife.

August 24, 1880.

Conveyance of Homestead not Voidable by Creditors.—A conveyance of his homestead by the owner thereof (his wife joining) to a third person, and by such third person to said wife, both conveyances being without valuable consideration, such owner being at the time in embarrassed and failing circumstances, and the conveyances being made for the purpose of transferring the property to the wife, so that she could hold it free from the claims of her husband's creditors, is not fraudulent or void as respects creditors of the husband to whom he was indebted at the time when the conveyances were made.

Appeal by defendants from a judgment of the district court for Hennepin county, where the action was tried before *Vanderburgh,* J., without a jury.

*E. J. Davenport,* for appellants.

*Albert B. Ovitt* and *Arthur J. Shores,* for respondents, cited *Sumner* v. *Sawtelle,* 8 Minn. 272 (309;) *Piper* v. *Johnston,* 12 Minn. 60; *Rogers* v. *McCauley,* 22 Minn. 384; *Currier* v. *Sutherland,* 54 N. H. 475, 486; *Morgan* v. *Potter,* 17 Hun. (N. Y.) 403; *Huey's Appeal,* 29 Pa. St. 219; *Norris* v. *Kidd,* 28 Ark. 485, 493; *Chambers* v. *Sallie,* 29 Ark. 407; *In re Graham,* 2 Biss. 449; *Pratt* v. *Burr,* 5 Biss. 36; *In re Dilliard,* 9 Nat. Bank Reg. 8, 13; *Riddle* v. *Shirley,* 5 Cal. 488; *Burtch* v. *Elliott,* 3 Ind. 99; 1 Am. Lead. Cas. 45.

BERRY, J.   On March 14, 1877, and for several years before that date, the defendant N. G. Abbott owned and occupied as his homestead an eighty-acre tract of land, situate in the county of Hennepin.   On that day, being in "embarrassed and failing circumstances financially," he caused the land to be conveyed to his co-defendant wife, by means of a deed from him and her to one McIntosh, and a deed from McIntosh to her.   There was no valuable consideration for either of these conveyances, and they were made for the purpose of

transferring the property to the wife, so that she could hold it free from the claims of her husband's creditors. At the time of the conveyances, the defendant N. G. Abbott was indebted to the plaintiffs in something over $600, upon three overdue promissory notes. Having put the notes in judgment in the district court for said county of Hennepin, the plaintiffs bring this action for the purpose of subjecting the land to levy and sale to satisfy the same.

Under our homestead law, (Gen. St. 1878, *c.* 68, §§ 1, 8,) the land, while owned and held as a homestead by N. G. Abbott, was not "subject to attachment, levy, or sale upon execution, or any other process issuing out of any court within this state," and the judgment recovered was not "a lien on such homestead for any purpose whatever." Under these provisions of the statute, so long as a tract of land is the homestead of a debtor, his creditors (not mortgage creditors) cannot subject it to the payment of any claims which they may hold against him, nor to any lien for the securing of such claims, either for the present or the future. It is in every respect, and absolutely, out of their reach.

Section 8 of the homestead law authorizes him to sell and convey it without subjecting it by such sale and conveyance to the claims of creditors. This authority to sell and convey is unlimited. What the purpose or motive of the sale and conveyance are is wholly immaterial. The power to sell and convey is absolute. He may sell and convey a homestead of the value of $10,000 for a consideration of one dollar, and with the purpose and effect of putting the property in the hands of his wife or of any other person. See *Drentzer* v. *Bell*, 11 Wis. 119. It was thought by the learned judge below that this authority to sell and convey did not authorize a gift—that is to say, a conveyance without actual valuable consideration. We do not agree to this construction. In our opinion, the words "sell and convey" were used to denote any transfer and conveyance, for such consideration, either nom-

inal or actual, as will support a deed. Were it otherwise, it would be unaccountable that the statute has made no provision in reference to adequacy of consideration—that a homestead owner may sell and convey his homestead for a dollar paid, and cannot sell and convey it for a nominal consideration of a dollar, expressed in the deed, but not paid.

The cases of *Sumner* v. *Sawtelle,* 8 Minn. 272 (309) and *Rogers* v. *McCauley,* 22 Minn. 384, are not parallel to this. In both cases the land, the title to which the debtor had caused to be put into the hands of another person, never was his homestead, because he never had owned it. In the case of *Piper* v. *Johnston,* 12 Minn. 60, the judgment was, under the law then in force, a lien upon the debtor's homestead, and this lien was held to become operative and enforceable, when the debtor's homestead right was terminated by his voluntary termination of his ownership of the land constituting such homestead; that is to say, by his conveyance of it, his wife joining.

From this, our interpretation of the statute, it follows that the court below erred in holding that the conveyance by which the eighty-acre tract in question was transferred to defendant Ellen M. Abbott was fraudulent and void as respects the plaintiffs, (creditors of defendant N. G. Abbott,) and adjudging the plaintiff's judgment to be a lien thereupon, and directing the same to be sold to satisfy such judgment.

The judgment is accordingly reversed.