Argued September 20, decided October 3, 1911.

## BOWMAN v. SHERRILL.

[117 Pac. 1122.]

FRAUDULENT CONVEYANCES—PROCEEDINGS—EXECUTION—NECESSITY.
1. Where one is insolvent or has been adjudged a bankrupt, when he conveys land in fraud of creditors, the issuance of an execution is not necessary to entitle creditors to set aside the conveyance.

HOMESTEAD—RIGHT.
2. The right of either the husband or wife to claim a homestead in property is not defeated by its conveyances from one of them to the other for the purpose of keeping the property from creditors.

HOMESTEAD—EXEMPTION—CLAIM IN CREDITORS' SUIT—RIGHT.
3. Since a decree sought in a suit by creditors to have property claimed to have been fraudulently conveyed sold, and the proceeds applied upon the debts, would practically operate as an execution, the debtor may claim a homestead exemption in the property sold in such suit.

From Washington: JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Benton Bowman, trustee in bankruptcy of the bankrupt estate of W. E. Sherrill, against W. E. Sherrill and Lizzie M. Sherrill, his wife. The facts are as follows:

In January, 1909, W. E. Sherrill was adjudged a voluntary bankrupt, and plaintiff was appointed his trustee in bankruptcy. Prior to this, on October 28, 1908, Sherrill, without consideration, conveyed to W. P. Dyke certain land described in the complaint and hereinafter called, for convenience, "a part of the Moore claim." On the same day Dyke conveyed the land without any actual consideration to Mrs. Sherill. On the 13th of November,

1908, Sherrill traded a team of horses to one Weisenbeck for lot 6, in block 37, South Coast Addition to the city of Hillsboro, taking a deed therefor in his wife's name. Plaintiff brings this suit to have the deed declared fraudulent as to creditors, and praying that the property be sold and the proceeds applied upon the proved debts of W. E. Sherrill. Defendants answered, denying all allegations of intent to cheat or defraud creditors, and further set up that the land situated in the Moore claim is a homestead, and therefore exempt from execution and sale.

MODIFIED.

For appellants there was a brief over the names of *Mr. M. B. Bump* and *Mr. John A. Jeffries,* with an oral argument by *Mr. Jeffries.*

For respondent there was a brief over the names of *Messrs. Bagley & Hare,* with an oral argument by *Mr. Hare.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Where a party, fraudulently conveying land, is insolvent or has been adjudged a bankrupt, the issuance of an execution is not necessary.

2, 3. We are satisfied from the testimony that both the conveyances were made or procured with intent to defraud creditors, and that Mrs. Sherrill did not contribute anything toward the purchase of either tract. Either of the defendants had a right to claim a homestead in the property on the Moore claim, and this right is not defeated by a conveyance from one to the other. A decree, such as is sought in this case, would operate practically as an execution, and we see no reason why this exemption should not be claimed and urged in this proceeding. The decree should be so modified as to provide that plaintiff should have a lien upon the tract in the Moore claim for the amount of the proved debts, subject to the right of

defendants or either of them to occupy it as a homestead, with leave to apply to the court for an order of sale whenever it shall cease to be so occupied.

In all other respects the decree will be affirmed. Neither party will recover costs in this court.          MODIFIED.