Argued December 9, decided December 16, 1913, rehearing denied January 13, 1914.

## WILSON *v.* PETERSON.

(136 Pac. 1187.)

**Homestead—Loss or Waiver—Conveyance.**

1. Under Section 221, L. O. L., providing that the homestead, exempt from judicial sale, must be the actual abode of and owned by the family or some member thereof, the conveyance of the homestead to the debtor's son, a minor member of the family, did not abrogate the homestead right.

[As to what constitutes abandonment of homestead, see notes in 60 Am. Dec. 607; 36 Am. Rep. 728; 102 Am. St. Rep. 388.]

**Homestead—Nature of Right—Statutory Provisions.**

2. Statutes exempting homesteads from forced sale on judicial process should receive such a construction as to carry out the beneficent policy of the legislature.

**Homestead—Enforcement of Right—Time for Making Claim.**

3. The exemption of the homestead being from judicial sale only, and not from the lien of the judgment or the levy of an execution,

the notice of claim thereof required by Section 224, L. O. L., may be made at any time prior to the sale.

[As to divestiture of judgment lien, which has attached, by subsequent occupation of land for homestead purposes, see note in Ann. Cas. 1913B, 1147.]

From Clackamas: James U. Campbell, Judge.

Department 2. Statement by Mr. Justice Bean.

This is a proceeding by Robert F. Wilson, Anna Wilson Knight, James G. Wilson, Samuel Wilson, Margaret Wilson Cumming, and John F. Wilson, against John A. Peterson and Mary Peterson, his wife, to subject lots 8 and 10, block B, Kerr & Schindler's Addition to Milwaukee, Clackamas County, Oregon, to the satisfaction of a judgment against the defendants. The latter claim the real property as a homestead, under the provisions of Section 221 et seq., L. O. L. From a judgment denying plaintiff's application for an order directing the sheriff to proceed with the sale of the property upon execution, plaintiffs appeal.

The property was attached on the 23d day of March, 1912, and on the 11th day of April, 1912, after service of summons, a judgment of default was entered against defendants for the sum of $282.90, and costs, and an order made that the attached property be sold to satisfy the judgment. On August 23, 1912, defendant Mary Peterson notified the sheriff that the property was claimed by herself and family as a homestead. An affidavit was filed September 10, 1912, on behalf of plaintiffs, showing that on the 23d day of March, 1912, after the attachment of the property, defendants recorded a deed conveying the attached premises to Reuben Peterson; that the same was advertised to be sold on August 31, 1912. The defendants moved the court for an order for the sheriff to sell the property notwithstanding the claim of homestead. In

answer to an order for the defendants to show cause why the order to sell should not be granted, the defendants answered that the property involved was the homestead of the defendants and their family, and that a claim of homestead had theretofore been duly made therefor. The defendants presented the affidavit of Mary Peterson to the effect that the property was acquired by her husband, John Peterson, about three years before that time as a home for himself and family; that they built a house on the lots, in which they have lived continuously since that time; that in 1911 defendant John A. Peterson conveyed the property to his wife, Mary Peterson; that the title thereto remained in her name until after the commencement of this action, when, by her husband's advice, in order to save the home from the claim, they conveyed the property to their son Reuben, a boy of 17 years of age; that he and two other children were then, and ever since have been, living with the family on the premises; that the property does not exceed in value the sum of $1,000.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. P. C. Wood.*

For respondents there was a brief over the name of *Messrs. Corliss & Skulason,* with an oral argument by *Mr. B. G. Skulason.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The main contention of the plaintiff is that the conveyance by the judgment debtor, subsequent to the attachment, abrogated their statutory right to claim the property as a homestead. They rely upon the case of *Hansen* v. *Jones,* 57 Or. 416 (109 Pac. 868), in which a judgment debtor, after the filing of a transcript of judgment, and before the levy of execution,

conveyed his homestead by warranty deed for a recited consideration, and, after the levy of execution, the grantee by a similar deed reconveyed the lots to the debtor. It was held that the debtor, not being the owner of the homestead at the time of the levy of the execution, could not then or thereafter assert the right of a homestead subsequently acquired, as superior to the lien of the judgment. At page 421 of 57 Or. (at page 870 of 109 Pac.) of the opinion, Mr. Justice Slater said: "The lien of a judgment attaches to the realty and is clearly preserved, but the sale is stayed, and the remedy suspended until the debtor ceases either to own or occupy the premises, for a homestead is exempt only while possessing the character of a homestead; that is, it must be the actual abode of and owned by such family or some member thereof. When it ceases to be occupied, although it may be owned by some member of the family, it is no longer a homestead, and if it should be the abode of the family, but has been aliened to one not a member of the family, it is not a homestead." In the case at bar it will be noticed that the defendants conveyed the homestead to another member of the family; hence the case does not come within the rule in *Hansen* v. *Jones,* where the homestead was conveyed to one not a member of the family. In *Bowman* v. *Sherrill,* 59 Or. 603 (117 Pac. 1122), a case involving the right of homestead exemption, it was held that either of the defendants, who were husband and wife, had the right to claim a homestead in property, and that this right was not defeated by a conveyance from one to the other for the purpose of keeping the property from creditors.

Section 221, L. O. L., enacts that: "The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained. Such homestead must be the actual abode of, and owned

by such family or some member thereof.'' In the case
at bar, in order to divest the defendants of the right
to claim the property attached as a homestead, exempt
from sale under the rule in *Hansen* v. *Jones,* it would
be necessary for a conveyance to be made to some per-
son not a member of the family of defendants.  It is
not disputed that Reuben Peterson, to whom the con-
veyance was made, was a minor and a member of the
defendants' family; nor is it questioned that the prop-
erty was the actual abode of such family.  These con-
ditions fulfill the requirements of the statute that such
homestead must be the actual abode of and owned by
such family, or some member thereof.  The construc-
tion sought by plaintiffs would lead to the conclusion
that only the husband or wife could own such a home-
stead; but such is not the language of the statute.  It
is broader in its terms and includes any member of
the family.  The homestead in question was under the
statute exempt.

2, 3. It is contended, however, by plaintiffs, that the
defendants failed to claim the property as a homestead
in due time.  Statutes exempting homesteads from
forced sale on judicial process should receive such a
construction as to carry out the beneficent policy of
the legislature: Black, Interpretation of Laws, p. 311.
The exemption of the homestead is from judicial sale
only, and not from a lien of a judgment, nor from the
levy of an execution thereon: *Hansen* v. *Jones,* 57 Or.
416 (109 Pac. 868).  It is to stay the sale thereunder
that a notice to the officer by the owner, wife, husband,
agent or attorney of such owner is required under the
provisions of Section 224, L. O. L.  The claim having
been made by the owners of the homestead prior to
any sale thereof upon execution was a sufficient com-
pliance with the requirements of the statute.

The judgment of the lower court will therefore be affirmed.                                AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.