This suit was instituted to foreclose a lien on twenty-two and one-half acres of land situate in Yamhill County, Oregon, and seized as an estate by the entirety by Harry J. Breneman and Edith Breneman, his wife. The Circuit Court decreed that the plaintiff, John F. Allison, had a first subsisting lien on the premises in the sum of $2,512.27, and that defendant Harry J. Breneman possessed a homestead right granted by the laws of Oregon, to the extent of $3,000; that the property be sold as upon mortgage foreclosure; that, out of the proceeds of such sale, there should first be paid to the plaintiff the amount of his lien; that all sums in excess thereof and to the extent of $3,000 should be paid to defendant Harry J. Breneman; and that any sums in excess of Breneman's homestead rights should be paid to defendant M.F. Corrigan, as trustee in bankruptcy. Defendant Corrigan appeals from the decree, in so far as it determines the homestead rights of defendant Breneman. *Page 104 
We take the following statement of admitted facts from the supplemental answer and cross-complaint filed by defendants Harry J. and Edith Breneman:
Between September 1, 1919, and July 17, 1921, Harry J. Breneman and Edith Breneman, his wife, contracted with one D.M. Nayberger an account for family necessities in the amount of $695.99, which account remained unpaid when Breneman was adjudicated a bankrupt on September 21, 1921. In the schedules filed by him with the referee in bankruptcy, the real property involved in this controversy was listed and claimed exempt as a homestead. On October 11, 1921, M.F. Corrigan was appointed trustee in bankruptcy. On October 19th, Nayberger brought an action against Breneman and his wife in the Circuit Court of the State of Oregon for Yamhill County, to collect the account hereinabove mentioned, and a writ of attachment issued out of that court whereby their interest in that real property was attached. On October 28th Breneman, as one of the defendants in the action, appeared and filed a plea in abatement, praying that the action be abated during the pendency of the bankruptcy proceedings. A demurrer to the plea was sustained. On June 3, 1922, the court entered a default order against Breneman and wife, which was followed on June 17th by a judgment against them and in favor of Nayberger for $695.99 and $21.30 costs. On June 28th, an execution issued out of that court. On July 28th, Breneman made a claim of exemption of the real property involved as a homestead to the sheriff of Yamhill County, and notice of such claim was filed with the county clerk, and recorded as provided by General Laws of Oregon 1921, Chapter 68. On July ____, Breneman filed suit against the sheriff in the Circuit Court of the *Page 105 
State of Oregon for Yamhill County, to enjoin the sale of the real property upon execution, but no preliminary injunction was either asked or issued, and when the suit came on for hearing the property had already been sold by the sheriff and of course no injunction then issued. On August 28th the sheriff sold the premises notwithstanding Breneman's claim of exemption, and the land was bid in by Nayberger for the amount of his judgment. On June 13, 1923, Breneman filed a petition to require the trustee in bankruptcy to set aside the homestead as claimed in his schedules. On November 20th, a hearing before the referee on that petition was had. On January 22, 1924, an order of the referee denying the bankrupt's petition and disallowing his claim of exemption was entered. On February 8th, petition for review of the referee's order was filed. On February 12th, M.F. Corrigan, trustee, obtained authority from the referee to advance to the bankrupt estate sufficient funds with which to purchase the real property from Nayberger and his wife. On February 13th, the sheriff of Yamhill County executed to D.M. Nayberger his deed for the real property. On that day Nayberger and wife conveyed by deed their interest in that property to M.F. Corrigan, trustee. On April 2d, the order of the referee was affirmed by the United States District Court. On May 16th, a petition for review was filed with the United States Circuit Court of Appeals for the Ninth Circuit. On February 12, 1925, the mandate of the Circuit Court of Appeals reversing the United States District Court (and referee) and determining that Breneman was entitled to claim the exemption was filed, and thereafter the order of the United States District Court on the mandate was filed. *Page 106 
The answer sets out the further findings of the referee as follows:
"That all the facts heretofore set forth in these findings appeared of record in the proceedings on review before the Circuit Court of Appeals for the Ninth Circuit in case No. 4255 entitled `In the Matter of H.J. Breneman, Bankrupt — H.J. Breneman, Petitioner, vs. M.F. Corrigan as Trustee in Bankruptcy of the Estate of H.J. Breneman, Bankrupt, Respondent.'
"That the homestead claimed as exempt is not located in any town or city laid off into blocks and lots, and that said homestead has not been abandoned either prior to or at any time after bankruptcy, but neither the said bankrupt, the trustee, or any other person is now or for some time last past has been in actual possession of said property, and the bankrupt now lives at Salem, Oregon.
"From the above findings, and from the determination of the Circuit Court of Appeals for the Ninth Circuit in this matter, that H.J. Breneman `was fully authorized to avail himself of the privilege conferred by Section 221 of Oregon Laws * * to select a homestead on the piece of land in question,' it is concluded, determined and recommended that said property set forth in the Order of Reference be set apart as exempt to H.J. Breneman, according to the procedure set forth therefor under the laws of the State of Oregon.
 "A.M. CANNON, "Special Master.
"Dated at Portland, Oregon."
Thereafter, on November 10, 1925, M.F. Corrigan, trustee, filed in the District Court of the United States for the District of Oregon his objections and exceptions to the findings of fact and conclusions of law of the referee and special master above set forth, based upon the assertion that the right, title and interest in the property involved had passed from the *Page 107 
estate and from the bankrupt and his wife to D.M. Nayberger, free from all exemptions, and upon the further assertion that the property was incapable of being set off as a homestead, and had not been used as a homestead by the bankrupt. On December 14th, the District Court of the United States for the District of Oregon made an order overruling the objections and exceptions of the trustee, and set aside to Harry J. Breneman the homestead claimed in his petition.
On the hearing of this cause in the Circuit Court, the court found that the decision of the District Court of the United States for the District of Oregon above referred to had not been appealed from, set aside or annulled, but was standing and binding upon the trial court and upon Harry J. Breneman and M.F. Corrigan, as trustee in bankruptcy of the estate of Harry J. Breneman, bankrupt, and upon M.F. Corrigan, as trustee in bankruptcy of the estate of Edith Breneman, bankrupt. The court further found "that said Breneman was and is entitled to said homestead in said land, independently of said judgment in said federal court." AFFIRMED.
The principal question involved in this appeal relates to the homestead rights of Harry J. Breneman. *Page 108 
Our statute provides:
"A homestead shall be exempt from sale on execution from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of three thousand dollars ($3,000), except as otherwise provided by law. The homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child, and such exemption shall not be impaired by temporary removal or absence with the intention to reoccupy the same as a homestead, nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding three thousand dollars ($3,000), while held, with the intention to procure another homestead therewith, for a period not exceeding one year." Or. L., § 221.
Statutes exempting homesteads from forced sale on judicial process should be so construed as to carry out the beneficent policy of the legislature: Wilson v. Peterson, 68 Or. 525
(136 P. 1187); Watson v. Hurlburt, 87 Or. 297
(170 P. 541); Breneman v. Corrigan, 4 F.2d 225. In the case last cited, the Court of Appeals held that Breneman, the bankrupt, by virtue of Section 221, Or. L., quoted above, was entitled to claim homestead exemption in the land involved therein and held by himself and wife as tenants by the entirety.
In his appeal, defendant Corrigan contends, in effect, that, notwithstanding Breneman's claim of homestead exemption made to the sheriff, Corrigan holds title to the homestead as against Breneman by virtue of his deed from Nayberger and wife, who purchased the property on execution sale.
It is well settled that, with certain defined exceptions, a forced sale of homestead is void by reason of the fact that it is not subject to such forced sale: *Page 109 
29 C.J., pp. 966, 967; Smalley v. Laugenour, 196 U.S. 93
(49 L.Ed. 400, 25 Sup. Ct. Rep. 216). Moreover, it has frequently been judicially determined by the highest courts in the land that the judgment on a contested claim of homestead exemption is conclusive on the parties to it of all the matters adjudicated, provided the case has been disposed of upon the merits: 2 Freeman on Judgments (5 ed.), § 846, and list of cases under note 8.
We have set out a full statement of the facts to aid us in arriving at a correct conclusion in our consideration of the contention of former adjudication made by the homestead claimant. In this connection, a standard authority has written:
"Under proper circumstances, a federal court judgment is resjudicata of all the issues determined by it, in both state and federal courts, as against the parties and their privies." 3 Freeman on Judgments (5 ed.), § 1473.
We are constrained to hold, with the trial court, that the rights of appellant Corrigan in this case have been previously adjudicated.
This case is affirmed. AFFIRMED.
BURNETT, C.J., and McBRIDE and BEAN, JJ., concur. *Page 110