ALTMAN v. DISTRICT COURT OF SECOND JUDICIAL DIST. in and for ALBANY COUNTY et al*
(No. 1428; March 29, 1927; 254 Pac. 691.)

PROHIBITION—HOMESTEAD SALE—EXECUTION PURCHASER MUST PAY EXEMPTION — COURT MAY DETERMINE HOMESTEAD CLAIM AFTER TERM—TRANSFER OF CERTIFICATE OF PURCHASE.

1. On proceeding for prohibition to prevent district court's hearing and determining motion of homestead claimant to have set aside to him part of proceeds of homestead, made after term at which sale was confirmed, submitted on alternative writ, answer, and reply, only question is whether district court had jurisdiction to hear and determine matters involved in motion; it being assumed that allegations in motion are true.

2. As general rule, sales of homestead property must be made in conformity with statute.

3. Where property occupied by judgment debtor was greater in value than that which was exempt by law as his homestead, purchaser thereof on execution *held* required to pay amount of statutory homestead exemption immediately upon and in connection with sale of the property.

4 Under Const. art. 19, and Comp. St. 1920, § 5923, district court could hear and determine claim by owner for share of proceeds of homestead under sections 6028, 6031–

OCT. 1926]     ALTMAN v. DISTRICT COURT            291

6033, made before expiration of redemption period, after end of term of court at which sale of property had been confirmed pursuant to section 5978.

5. Transfer of certificate of purchase of homestead property, issued by sheriff pursuant to sale, goes only to question as to who is proper or necessary party to hearing on motion by homestead claimant for part of proceeds, under Const. art. 19, Comp. St. 1920, §§ 6028, 6031-6033 —question which district court should determine.

*See Headnotes: (1) 32 Cyc. p. 629 n. 1. (2) 29 CJ p. 885 n. 32. (3) 29 CJ p. 882 n. 86 New. (4) 29 CJ p. 882 n. 86 New. (5) 29 CJ p. 882 n. 86 New.

Original proceeding by Henry Altman for prohibition to be directed to the District Court of the Second Judicial District in and for the County of Albany and V. J. Tidball, Judge thereof. Writ denied, and alternative writ quashed.

*W. L. Walls,* for plaintiff.

The order of confirmation of sale was made at a term ending September 2, 1926 and the court had no jurisdiction to vacate the order after the expiration of the term; Boulter v. Cook, 32 Wyo. 461; Bronson v. Schulter, 104 U. S. 410. The procedure for the vacation, or modification of judgments is prescribed by statute; 5923-5927 C. S. The proper procedure was not followed; the only ground for modification of the order would be mistakes or omissions of the clerk; the statute, with reference to the confirmation of judicial sales, is Chapter 372, C. S. 1920; the sale was legally made and properly confirmed by the court; the certificate of purchase was assignable; 6007-6014 C. S. There were no irregularities in the conduct of the sale or in its confirmation; usurpation is a proper subject for prohibition; State v. Court, 165 P. 496; People v. Long, 63 P. 321; White v. Court, 58 P. 450; Lane v. Court, 154 P. 200; Keefe v. Court, 16 Wyo. 381; Mau v. Ausherman, 11 Wyo. 410; State v. Court, 5 Wyo.

227; Hogan v. Court, 117 P. 927; Prinn v. Court, 84 P. 786; Mine Co. v. Court, 82 P. 70. Unless jurisdiction to make this character of order is conferred by statute, the court has no jurisdiction to make it.

*William C. Kinkead,* for defendants.

The only ground urged against the petition to vacate the order of sale is that it was not filed during the term at which the order was made; plaintiff waived objection to the jurisdiction of his person; 5651–5653 C. S. The notice served having sufficed to bring him into court, the court acquired jurisdiction; Burger v. Court, (Cal.) 104 P. 581; State v. Court, 31 Wyo. 413. The writ will not lie except to prevent encroachment; Dobson v. Westheimer, 5 Wyo. 34; State v. Ausherman, 11 Wyo. 410. Writs of prohibition are issued with caution; State v. Court, 31 Wyo. 413. An error in practice affords no ground for the writ; State v. Ausherman, supra. If the court complained of acted within its jurisdiction, though erroneously, the writ will not lie; Board v. Judge, 101 P. 581; Ex parte Gordon, 104 U. S. 515. It cannot be made to serve the purpose of a proceeding to correct errors; Ex parte Ferry Co., 104 U. S. 519. This court will not correct errors, made in practice, by a writ of prohibition; State v. Court, 5 Wyo. 227. Plaintiff has not stated a cause for relief; State v. Zachritz, (Mo.) 65 S. W. 999. Plaintiff did not apply to the court below to correct its error; State v. Poston, supra. The court may correct its own judgment or error after the term, for mistakes of the clerk; 5924 C. S.; or by motion upon reasonable notice; 5926 C. S. The court had jurisdiction to vacate the order; 5927 C. S. Courts have inherent power to correct their records without statutory grant; 15 C. J. 976, 977; Hollister v. Co., (Ia.) 119 N. W. 626; Hardin v. Card, 17 Wyo. 210. Entering default and judgment for plaintiff, when defendant has a demurrer on file, may be corrected at a subsequent term; Follett v. Alexander,

(Ohio) 50 N. E. 720. The sale of a homestead, under circumstances shown by this case, cannot be sustained; Bach v. May, (Ill.) 45 N. E. 248. In the sale of the homestead, and retention of proceeds, the sheriff was a trespasser; Costa v. Goldenberg, (Mass.) 154 N. E. 579; Walsh v. Brown, (Mass.) 80 N. E. 465. The confirmation order does not cure the sale; Mc Lanahan v. Goodman, (Pa.) 108 A. 206. It was the sheriff's duty to collect from the purchaser the $2,500, representing the homestead exemption, and, having failed to do so, the sale was void; 5977, 5978 C. S. The application to vacate a sale should be made by motion to the court from whence process issued; 23 Cyc. 682; 10 R. C. L. 1320; Woody v. Jameson, (Ida.) 50 P. 1008; State v. Court, (Mont.) 240 P. 667, 671. An execution sale cannot be attacked collaterally unless void; Thomassen v. De Goey, (Ia.) 110 N. W. 581; Jochun v. Cooky, 176 Fed. 100; Francis v. Sheats, (Ala.) 45 So. 241; Morgan v. Stevens, (Okla.) 223 P. 365; Keyston v. Mudge, (Pa.) 100 A. 526; Humbolt v. March, (Cal.) 68 P. 968. A court may vacate its confirmation order on grounds that would not support an action in equity to vacate it; State v. Court, (Mont.) supra. The court, in modifying its order, relieved against an unlawful imposition; Cross v. Gould, (Mo.) 110 S. W. 672. The homestead exemption right was not waived; Zander v. Scott, 46 N. E. 2. The court properly allowed the unpaid exemption of $2,500 as a set-off in making redemption; Sparrow v. Hosack, 40 O. S. 253; 6032 C. S.

*W. L. Walls,* in reply.

Defendant threatened to exercise jurisdiction when it had no jurisdiction either of the subject-matter or of the person of plaintiff; the case differs from Burger v. Court, (Cal.) 104 P. 581, where jurisdiction of the subject-matter existed; Dobson v. Westheimer, 5 Wyo. 34 sustains plaintiff's contention; a careful examination of the authorities cited by defendant, on the subject of jurisdiction, will

show that they do not apply; the right of redemption is a statutory right and not an equitable right; 10 R. C. L. 1344. Judgment creditors may redeem; 6011 C. S. Second judgment creditors may also redeem; 6019 C. S.

BLUME, Chief Justice.

Henry Altman, the plaintiff herein, recovered a judgment in the year 1925, against John Schuneman, in the District Court of Albany County. On March 30, 1926, he caused an execution to be issued on his judgment, directed to the sheriff of Laramie County, who levied upon the South Half of Lots 3 and 4, in Block 137 of the original townsite of the city of Cheyenne. On April 2, 1926, and probably before the said levy was made, the plaintiff herein filed his affidavit in said cause, setting forth that the property above mentioned was the homestead of said Schuneman, and that said property was of greater value than $2500. Thereafter, and before the sale hereinafter mentioned was made, said property was regularly appraised as required by law at the sum of $4500, and on May 7, 1926, it was offered for sale by the sheriff of Laramie County at public auction, and sold to the plaintiff for the sum of $3,000. The sale was reported to the District Court of Albany County, and on June 4, 1926, apparently in an ex parte proceeding, an order confirming the said sale was entered pursuant to section 5978, W. C. S. 1920. The march term of the District Court of Albany County ended beginning with the second Monday in September, 1926. Thereafter and on November 22, 1926, Schuneman filed his affidavit and motion or petition in said cause, setting forth the facts in regard to the levy, appraisement and sale of the property aforesaid, as above mentioned, and also stating in substance that he was over the age of sixty years on May 7, 1926, and a married man, and that on the date aforesaid, and for thirty years prior thereto, he and his wife occupied the above mentioned premises as a homestead, as was well known to the plain-

tiff; that the sum of $2500, constituting his homestead exemption, was never paid or offered to be paid to him, and that the statutory provisions in regard to the payment thereof were wholly and purposely disregarded; that on November 3, 1926, he and his wife tendered to the petitioner the sum of $500 with interest for the purpose of redeeming said property from the sheriff's sale aforesaid, and demanding a certificate of redemption, which was refused; that the sheriff's sale of said premises was confirmed by the court without disclosing that said premises in fact constituted a homestead. It was accordingly prayed that the sheriff's sale aforesaid and the order confirming the same be set aside and held for naught; that the certificate of purchase of said sale be cancelled, and that the plaintiff Altman be requested to accept the tender above mentioned. Notice of the motion or petition aforesaid was apparently served upon said Altman, who, on November, 26, 1926, filed his objections to the jurisdiction of the court, setting forth, in substance, that the court had no jurisdiction to act upon the motion of Schuneman, for the reason that the March term, 1926, of the District Court of Albany County, had expired before the filing of said motion or petition. The court, after considering these objections, indicated that it would overrule them and proceed to hear and determine the matter involved in the motion or petition of Schuneman and enter an order in conformity with the prayer—the latter contingent, we presume, upon finding the allegations in the motion to be true. Thereupon and before the District Court proceeded further, the plaintiff Altman filed in this court his petition for a writ of prohibition against further action by said District Court in said matter. An alternative writ of prohibition was issued on January 7, 1927, returnable on January 28, 1927. An answer and a reply thereto were filed and the case has been submitted to this court for final disposition.

1. The only question before us is as to whether or not the District Court had jurisdiction to hear and determine the matters involved in the motion or petition aforesaid. Whether or not the allegations contained therein are in fact true, is a point not now before this court. For the purposes of this case, we must assume that the allegations contained in the motion or petition are true, including the alleged facts that the property above mentioned was at the time of the levy and sale aforesaid the homestead of Schuneman; and that the statutory homestead exemption of $2500 was never paid to him.

Counsel for the plaintiff herein contends that the order of June 4, 1926, confirming the sale of the premises involved herein, was a final order which could not be modified after the term of court at which it was entered except for certain specific reasons set forth in our statute, and that no facts are set forth in the motion, or petition, filed by Schuneman, which bring the case within any of the statutory grounds authorizing the vacation of an order of judgment after the term. Counsel for Schuneman on the other hand contends that there was fraud practiced upon the court by not disclosing to it the fact that the premises sold constituted a homestead and that, further, it was irregular to enter the order of confirmation without the payment of the amount exempted for a homestead being made, and that the court, accordingly, had full authority to vacate or modify such order under the provisions of section 5923, W. C. S. 1920, which authorize the court to vacate or modify a judgment or order after the term "for irregularity in obtaining a judgment or order" according to the third subdivision thereof, and "for fraud practiced by the successful party in obtaining a judgment or order" according to the fourth subdivision thereof.

Section 6028, W. C. S. 1920, provides for a homestead not exceeding $2500 in value for every householder in the state of Wyoming, who is the head of a family and for

every resident of this state who has reached the age of
sixty years, whether the head of a family or not. Under
section 6031, the homestead may consist of a house and lot
or lots in a town or city, or of a farm not exceeding 160
acres in area and not exceeding in value the sum of
$2500. Section 6032 provides as follows:

"When any creditor shall be of the opinion that any
homestead provided for in this article is of greater value
than twenty-five hundred dollars, on filing an affidavit
of that fact with the clerk of the district court, such
creditor may proceed against said homestead as in ordi-
nary cases, and if the said homestead shall sell for more
than twenty-five hundred dollars and costs, the excess
shall be applied to the payment of the demand of such
creditor, but in all such cases, the sum of twenty-five
hundred dollars, free of charge or expense, shall be paid
to the owner of the homestead; and in case the said home-
stead shall not sell for more than twenty-five hundred
dollars and costs, the person instituting the proceedings
shall pay all the costs of such proceedings and the said
proceedings cease, and not affect or impair the rights of
the owner of the homestead."

Under section 6033, the proceeds of the sale of a
homestead on execution or otherwise, not to exceed the
sum of $2500, are exempt from attachment or levy on
execution. It is generallly held by the courts that sales
of homestead property must be made in conformity with
the statute. 29 C. J. 967, 979, 980. In Copeland v. State
Bank, 13 Colo. App. 489, 59 Pac. 70, the court, construing
a statute somewhat similar to ours, said as follows:

"Up to a value of $2,000, it (the homestead) was ex-
empt from execution, and, whatever its value, no levy
could lawfully be made upon it without the previous
filing of the affidavit. The levy of this execution was
therefore void. The subsequent proceedings depended
for their validity upon the levy, and, as it was void, so
were they. There was, in law, no levy, no sale, and no
satisfaction. The proceeding by Copeland to avoid the

levy and sale, and quiet the title in him, was unnecessary. Those were not voidable merely, but absolutely void, and their invalidity could be shown in any proceeding at any time.''

The holding in this case was confirmed in the case of Whitlock v. Coal Company, 73 Colo. 205, 214 Pac. 546. In the case of Whitworth v. McKee, 32 Wash. 83, 72 Pac. 1046, also involving a statute similar to ours, the court said:

''The argument is that the homestead was of greater value than $1,000, and could be lawfully sold for the excess, and that the decree for that reason, instead of vacating the sale, should have directed that the value of the homestead be paid over to the respondents out of the purchase price of the property. Cases are cited from other jurisdicitions where this contention is maintained, but without stopping to review them, specially, we think they are inapplicable under statutes like ours. Under our statute the sale of a homestead is not voidable merely, but absolutely void when had under a general execution. It can be sold at no time except for its excess of value, and this only after certain requirements provided by the statute are complied with. It seems unnecessary to argue that, when an involuntary sale of real property is required to be made in a particular manner, no other manner of sale will pass title.''

And the same court, in Waldron v. Kinneth, 41 Wash. 459, 84 Pac. 16, 11 Am. St. Rep. 1022, after quoting from Whitworth v. McKee, supra, added as follows:

''There can be no question but that the sale in this case was irregular, there being an utter failure to comply with any of the requirements of the homestead act of 1895. Under the principles so well announced in Whitworth v. McKee, supra, said sale, being that of a homestead was absolutely void; for a homestead cannot be sold on a general execution in any manner other than as provided in said homestead act of 1895. As the sale herein was void, it could convey no title to appellant and it

would be an idle proceeding for us to now make an order directing the Superior Court to confirm the sale. The only possible result of such an order would be to promote an unnecessary and vexations litigation, by compelling respondent to seek an adjudication of his rights in some future case to be instituted by him for the purpose of removing a cloud from his title. The trial court having found said land to be respondent's homestead, committed no error in refusing to confirm the sale.''

The sales involved in the foregoing cases were held to be totally void, on the ground of the failure to file the affidavits as required by the statute. In the case at bar, the required affidavit was filed, but the amount of money exempt under the law, specially directed to be paid under the statute to the homestead claimant, was not paid, nor was it deposited in the hands of the sheriff or in court for Schuneman's benefit. In fact the statutory requirements in that regard were wholly ignored. Under section 6032, supra, however, the payment of the exemption of $2500 would seem to be just as necessary, imperative and essential as the filing of the affidavit therein mentioned. To hold otherwise would seem like depriving the debtor of the substance, while leaving him a shadow. Counsel for plaintiff would place the burden upon the execution debtor to sue the purchaser at the sale to recover the amount. We find no warrant for this limitation. On the contrary, the statute appears, clearly, to make it obligatory upon the execution creditor, the purchaser, and the officer making the sale, to see that the rights of the homestead claimant are fully protected. That view is supported not only by the general rule that homestead laws must be construed liberally in favor of a debtor (29 C. J. 787), but we have an express constitutional provision in article 19 of our constitution to the effect that ''a homestead as provided by law shall be exempt from forced sale under any process of law,'' clearly and unmistakably stating that no forced sale shall deprive the homestead

claimant of his rights. While we do not say that lands or lots composing a homestead, or within which it is embraced, may not be sold if of greater value than the homestead exemption granted by law, the above constitutional provision, construed reasonably, would clearly seem to mean that the sale must not diminish or in any way adversely affect the homestead right, but must leave it intact, and that it cannot be burdened by any conditions or limitations through or arising out of the sale. Hence there may be a doubt that a sale, like that at bar, which adversely affected the homestead right involved in this case, by wholly ignoring the duty in regard to the payment of the $2500 to Schuneman has any validity, or that an order of confirmation of such sale has any effect upon this right, unless, perhaps, the sale is confirmed not in an ex parte proceeding, but upon full hearing and determination after issues joined on the question of the rights of homestead. 23 C. J. 633; Brewer v. Warner, 105 Kans. 168; 182 Pac. 411; 5 A. L. R. 385; McHugh v. Smiley, 17 Nebr. 620, 20 N. W. 296; Moore v. Dickson, 35 Ill. 282, 44 N. E. 493; Harding v. Trust Co., 26 Wash. 536, 67 Pac. 222. But without deciding these questions and assuming with counsel that the order of confirmation involved the consideration of all questions in connection with the sale, including the homestead rights, it is at least clear that the duty devolved upon Altman to pay the amount of the statutory homestead exemption immediately upon and in connection with the sale of the property. As is said in Waples on Homestead and Exemption, 756:

"When the property occupied by the debtor is greater in extent or value than that which is exempt by law as his homestead, the excess is liable to execution. It then becomes necessary to segregate the exempt from the liable portion if an execution is pending."

The only way in which the judgment creditor could make a segregation in this case was by paying the amount

exempt under the law to the judgment debtor.  His duty in that regard was a continuing one until fulfilled; the sheriff's return of the sale should have shown compliance therewith, and the sale should not have been confirmed until the money was paid.  To ignore the right of the party entitled to the homestead exemption when the order of confirmation was made, constituted at least an irregularity, if nothing more, for which such order may, we think, be vacated or modified after the term in accordance with section 5923, supra.  It follows, accordingly, that the District Court had jurisdiction to proceed to hear and determine the motion or petition of Schuneman filed in November, 1926, particularly in view of the fact that Schuneman made claim of his rights before the period of redemption expired.

Testimony was introduced at the hearing of the case in this court that Altman has transferred the certificate of purchase issued to him by the Sheriff of Laramie County pursuant to the sheriff's sale hereinbefore mentioned. But that goes at most only to the question as to who is a proper or necessary party to the hearing on the motion of Schuneman filed in the District Court—a question which the District Court had a right to, and should, determine.

The writ of prohibition prayed for herein should accordingly be denied and the alternative writ heretofore issued should be quashed.  An order will be entered accordingly.

POTTER, J., and KIMBALL, J., concur.