HENRY ALTMAN v. JOHN AND LIZZIE SCHUNEMAN
(No. 1502; January 3, 1929; 273 Pac. 173)

Before BLUME, C. J., KIMBALL, J., and BROWN, District Judge.

*W. L. Walls,* for appellant.

416

*Kinkead* and *Pearson,* for respondent.

Brown, District Judge.

This case comes to this court on direct appeal, and by statute the parties remain as in the lower court with the words appellant and respondent, as the case may be, added. We shall refer to them as plaintiff and defendant as in the lower court.

Plaintiff secured judgment against the defendant, John Schuneman, in the District Court of Albany County, and after exhausting the available property in the county, caused execution to issue thereon directed to the sheriff of Laramie County and levied upon the residence property of defendants John Schuneman and wife, Elizabeth Schuneman, and sold the same thereunder bidding it in himself for the sum of $3,000. At the time of making the levy, the plaintiff filed an affidavit with the clerk of court of Albany County, setting forth the facts that the property proposed to be levied upon constituted the homestead of the defendants, and that it exceeded in value the sum of $2,500. See Section 6032, C. S. 1920. After the levy and before the sale Schuneman and wife conveyed this property by deed, without any consideration, to a third party who in turn at or about the same time, likewise without any consideration, transferred it to defendant, Elizabeth Schuneman. Neither at the time of the sale nor afterwards was the $2,500 provided by Sec. 6032 to be paid to the defendant, or owner of the homestead, in case the homestead is sold for more than $2,500, paid to defendants or either of them.

After the transfer of the property by mesne conveyances to the wife, the plaintiff seems to have abandoned his theory that the property was the homestead of the parties, and insisted upon the right to sell it as non-exempt property of the defendant, John Schuneman. The sale was confirmed by the court without having called to his attention the homestead character of the property, or the further fact that the $2,500 was not paid to the de-

fendants as provided by the above section of the statutes. Thereafter the defendant, John Schuneman, demanded of the plaintiff the $2,500, which demand was refused. Schuneman and wife then tendered to plaintiff the sum of $527 the sum with interest for which the property sold above the $2,500 exemption, and demanded a certificate of redemption, which was also refused. Defendants then deposited with the County Treasurer the said sum of $527, and demanded a certificate of redemption. Thereafter, the defendant, John Schuneman, appeared in court by motion, asking that the confirmation of the sale be set aside, and that he be permitted to redeem the property by paying the excess over $2,500 with interest. The plaintiff objected to the jurisdiction of the court to hear this motion, it having been filed after the term at which confirmation was had. When the court indicated that he would hear the motion plaintiff brought an original action of prohibition in this court against the Judge of Second Judicial District to prevent him from proceeding further in the case. (36 Wyo. 290, 254 Pac. 691). Some of the questions involved in this controversy were settled in that case. After the alternative writ was cancelled, issue was joined on the motion of the defendant, a hearing had, and judgment rendered permitting the defendant to redeem the property. This action of the trial court is here for review, mainly on two questions:

1. Is the transfer of the property from the husband by mesne conveyances to the wife after levy an abandonment of the homestead?

The plaintiff levied upon the property in question on the theory that it was the homestead of the defendants. He complied with the requirements of the statute in reference to the levy upon and sale of the excess value in homestead property. After the defendants placed the title of the property in the wife, he seeks to abandon this theory and proceed on another theory—that the property

is non-exempt property of the husband. This we think cannot be done. As a general rule a party will be required to proceed in the progress of a cause on a definite theory, and where it is permissible to proceed on one of several conflicting theories plaintiff will not be permitted to change this theory during the progress of the cause. The court in Toledo etc. R. Co. v. Levy, 127 Ind. 168, 26 N. E. 773, said:

"A complaint cannot be made elastic so as to bend to the changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed."

Plaintiff in his affidavit initiating the levy and sale alleged that the property was the homestead of the defendants. He will not be permitted to take a contrary position after the levy and sale. Herbert v. Wagg, 27 Okla. 674, 681, 117 Pac. 209, 212-213, and cases cited; Sears v. Hanks, 14 Ohio St. 298, 84 Am. Dec. 378.

By transferring title to the homestead in the wife, the husband does not thereby lose his homestead exemption therein as against his creditors. They are not injured. The property was exempt before the transfer and remains the homestead of the husband as well as the wife after the transfer to her. Homestead laws are remedial in character and should be liberally construed with a view of effecting their objects. We do not believe that a liberal construction of our constitution and the various statutes putting it in force will warrant the assumption that because the debtor and wife desire for convenience that the legal title to the homestead rest in her, that, then, neither of them is entitled to the exemption. While there is authority to the contrary the weight of authority is that the husband can claim a homestead exemption in the wife's property. 29 C. J. 852:

"The husband and wife are one in holding the homestead. Neither can have title in it adversely to the other. * * * It is a matter of indifference whether it be owned by one or the other, or by both together, or by each in parcels. * * * The transfer of the legal title from one to the other does not affect it." Waples on Homestead and Exemption, Ch. 4, Sec. 7, pp. 120-123.

The husband may claim a homestead, when rightfully in possession thereof, where the title is in the United States, mere possession being sufficient to support it. Bell v. Wilson, 172 Cal. 123, 155 Pac. 625. Any equitable title coupled with possession is sufficient to support it. 29 C. J. 844, and cases cited in note 24. It is, however, unnecessary for us to determine that question. It is not before us in this case. What we do hold is that the homestead is not lost to the family in a suit by the husband's creditors, because the legal title thereto is transferred to the wife. It would be an anomaly to hold that while the husband had such an interest in the property that could be sold on execution, at the same time he did not have such an interest as would entitle him to the homestead exemption. The object of the constitutional provisions and the laws in reference to the homestead exemption, is the protection of the family as a whole, and not the head of the family alone, and the weight of authority is to the effect that it is immaterial in whom the bare legal title is vested so long as it is the actual home of the family. Bremseth v. Olson, 16 N. D. 242, 112 N. W. 1056, 13 L. R. A. (N. S.) 170, 14 Ann. Cas. 1155, and case note following in 13 L. R. A. (N. S.) ; Stout v. Rapp, 17 Neb. 462, 23 N. W. 364. The facts in the case of McMahon v. Speilman, 15 Neb. 653, 20 N. W. 10, seem to be identical with the facts in the case at bar, except in that case the husband successfully maintained an action to enjoin the sale, instead of the action to redeem as in this case. Even though the conveyance from the husband to the wife was with the intent to defraud the husband's creditors, the homestead being ex-

empt before the transfer, the creditors may not question it. Payson Exchange Savings Bank v. Tietjen, 63 Utah 321, 225 Pac. 598; Bowman v. Sherill, 59 Ore. 603, 117 Pac. 1122; Morrison v. Abbott, 27 Minn. 116, 6 N. W. 455.

2. Can John Schuneman maintain his action to redeem after parting with the title to the property? The plaintiff takes the position that John Schuneman cannot maintain this action since having conveyed away the property he is not the real party in interest. We cannot accede to this proposition. If the family still retain a homestead interest in the property, the husband as the head of the family has a joint possessory right therein with the wife and as such head of the family has an interest therein that he can protect whenever this right is threatened or invaded. 29 C. J. 984 reads:

"A husband in joint possession of land with his wife, belonging to her, but used as the family homestead has, as head of the family, such an interest in the land as to entitle him to complain of any unlawful interference with it."

Quoting from the Supreme Court of Michigan in Rowe v. Kellogg, 54 Mich. 206, 209, 19 N. W. 957, 958:

"The land in question belongs to his wife, but is the family homestead. He has no technical estate in it which he can transfer to anybody else. But there can be no question, under our previous decisions, that he has a valuable and important interest which courts will protect. As head of the family he has possession jointly with his wife, and has therefore, a right to complain of any unlawful interference * * *. The land is in his tenancy, while the family occupy it, as distinctly as if leased to him. And the fact that his wife owns the fee, and has also family interests which co-exist with his, does not make his possessory interest less actual or important."

His right to redeem also rests upon the fact that he was the defendant whose property was sold. Section 6008, C. S. 1920, provides:

"It shall be lawful for any defendant * * * whose land or tenements shall be sold by virtue of any execution * * * to redeem such lands or tenements by paying to the purchaser thereof, * * * or the Sheriff, * * * for the benefit of said purchaser, * * * the amount given or bid * * *."

It is not necessary that the defendant be the owner of the property at the time of redemption to enable him to redeem. The Colorado court discussed the question now before us under a statute like ours, at some length in the case of Floyd v. Sellers, 7 Colo. App. 491, 44 Pac. 371. It was there said:

"The provision that any defendant whose lands or tenements shall be sold may redeem the same was not intended to make actual ownership the test of the right of redemption. It was simply intended, where lands were levied upon and sold as the property of some one or more of the defendants, to confine the right to them, excluding other defendants or strangers, so that the sheriff, when tendered money for redemption, could immediately ascertain, by reference to his own records, whether the party offering the money was so related to the sale as to authorize him to effect the redemption."

See, also, Southern California Lumber Co. v. McDowell, 105 Cal. 99, 38 Pac. 627; Yoakum v. Bower, 51 Cal. 539; Livingston v. Arnoux, 56 N. Y. 507; Elsworth v. Muldoon, 46 How. Pr. (N. Y.) 246; Harvey v. Spaulding, 16 Ia. 397, 85 Am. Dec. 526.

It follows that the judgment of the trial court should be affirmed and it is so ordered.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.