Argued and submitted January 21,
reversed and remanded May 27, 1980

TROUTMAN,et al,
*Respondents,*
*v.*
ERLANDSON,
*Appellant.*

(No. 93993, CA 14773)

611 P2d 343

Ralf H. Erlandson, Milwaukie, argued the cause
and filed the briefs pro se for appellant.

Phillip R. Muir, Portland, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from two post-judgment orders of the trial court. The first is an order confirming the sheriff's sale of certain real property. Defendant argues that some of that property was exempt from sale because it was the subject of a homestead claim made by defendant and his wife prior to the sale. The second order directed the sheriff to deliver a "premature deed" to the purchasers (the plaintiffs in this action), free of the redemption rights under ORS 23.520 *et seq* which defendant contends he and his wife possess. We reverse both orders and remand the cause to the trial court.

The underlying action, one in a seemingly endless parade of lawsuits between the parties, was brought by plaintiffs to recover contribution from defendant for a joint obligation which plaintiffs had paid. The trial court's judgment in favor of plaintiffs was affirmed by the Supreme Court in *Troutman v. Erlandson,* 279 Or 595, 569 P2d 575 (1977). After learning that defendant was unable to satisfy that judgment or a judgment which plaintiff Troutman had recovered against defendant in another case, Troutman brought a creditor's bill against defendant and defendant's wife, alleging that defendant had conveyed property to his wife to defraud creditors, and seeking "a decree foreclosing defendants' equitable interests [in certain property and authorizing the sheriff] to sell said interests as provided by law upon execution * * *." Among the matters decided in the creditor's bill suit was the same homestead claim which the parties are again litigating here. On appeal in the earlier proceeding, we held that defendant was entitled to the claimed homestead exemption. *Troutman v. Erlandson,* 44 Or App 239, 245, 605 P2d 1200 (1980).[1]

In the present case, defendant argues that he and his wife filed their claim for the homestead exemption

---

[1] Our decision in the creditor's bill proceeding was rendered on January 28, 1980, one week after the present appeal was argued and submitted.

with the sheriff prior to the sale, pursuant to ORS 23.270, [2] and that, in light of plaintiffs' failure to deny defendant's right to the homestead, the part of the property to which the homestead claim related should have been automatically excluded from the execution sale. Plaintiffs acknowledge that they did not deny defendant's right to the homestead in the execution proceedings. They argue, however, that defendant had a full opportunity to litigate the homestead issue in the creditor's bill suit, and that the purpose of ORS 23.270 "is to afford both plaintiff and defendant an opportunity prior to an execution sale to determine the applicability of the homestead exemption." Consequently, according to plaintiffs, their failure to deny the right to the homestead exemption in the execution proceedings was not prejudicial to defendant. However, in light of our decision on the homestead issue in the creditor's bill suit, plaintiffs' present argument places them in a "no-win" position. Whether, as defendant argues, plaintiffs are now foreclosed from contesting the homestead exemption because of their failure to deny the homestead claim pursuant to ORS 23.270, or, as plaintiffs argue, the homestead exemption issue was litigated in the creditor's bill proceeding (which subsequently culminated in this court's decision that defendant was entitled to the exemption), plaintiffs cannot now prevail on the merits of that issue.

Plaintiffs also argue, however, that defendant was barred from challenging the confirmation of the sale in the trial court because defendant did not file objections within 10 days following the sheriff's return of

_____

[2] ORS 23.270(1) provides, as pertinent:

"Whenever a levy is made upon a homestead, the owner thereof, or the owner's spouse, parent or child, agent or attorney, may notify the officer making the levy, at any time before the sale, that he claims a homestead in such lands, giving a description of the quantity of land claimed as a homestead and an estimate of the value thereof, and the remainder alone shall be subject to sale under such levy, unless the plaintiff in the execution shall deny the right to such homestead * * *."

execution, as plaintiffs contend ORS 23.490(1) requires.[3] We disagree. Defendant followed the procedure under ORS 23.270 for claiming the homestead exemption prior to the sheriff's sale. He was not required to file objections after the sale, which was conducted in violation of ORS 23.270, to preserve the claim he had already made. *Cf. Garrison v. Seiber,* 266 Or 368, 374-75, 512 P2d 1180 (1973); *Allison v. Breneman et al,* 121 Or 102, 108-09, 254 P 201 (1927); *Crim v. Thompson,* 112 Or 399, 410-12, 229 P 916 (1924).

We hold that the trial court erred by confirming the sale.[4] In light of that holding, it follows that no deed to the property can be delivered to the purchasers, and that the trial court's order directing the sheriff to deliver such a deed was also error. *See Schultz v. Selberg,* 80 Or 668, 675, 157 P 1114 (1916).

The orders are reversed, and the cause is remanded to the trial court for further proceedings in accordance with ORS 23.490(2).

---

[3] ORS 23.490(1) provides:

"The plaintiff in the writ of execution is entitled, on motion therefor, to have an order confirming the sale at any time after the expiration of 10 days from the date of filing the return of sale, unless the judgment debtor, or in case of his death, his representative, files with the clerk within 10 days after the return of the execution, his objections thereto."

Although defendant did not file objections within 10 days after the sheriff's return, he did oppose plaintiffs' motion for the order confirming the sale. *See Marvin & Co. v. Piazza,* 129 Or 128, 130, 276 P 680 (1929).

[4] The homestead claim applied to only one acre of the large parcel sold. However, the Supreme Court has held that the courts cannot "modify the terms of the sale or confirm the sales as to a part and reject it as to the remainder," and are "obliged either to accept and confirm as a whole or to reject as a whole * * *." *Marvin & Co. v. Piazza,* 129 Or 128, 133, 276 P 680 (1929).