# No. 13,238.

## Smith *v.* Estate of Smith.

(19 P. [2d] 195)

Decided February 6, 1933.

Mr. A. L. Jeffrey, for plaintiff in error.

Mr. T. Lee Witcher, for defendant in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

Bessie B. Smith was formerly executrix under the last will and testament of her husband, Franklin P. Smith, deceased. The county court of Fremont county found that while so acting she unlawfully appropriated the sum of $1,232.44 to her own use, without an order of court. She was ordered to restore it to the estate. On appeal and trial de novo in the district court, judgment was again rendered against her. She assigns error and asks for a supersedeas.

■ Exhibit A, entitled ''Report of Executrix,'' is a voluminous document, consisting of the verified report of plaintiff in error, made to the county court, showing her acts as executrix from January 12, 1929, to August 31, 1931. This report is combined with an audit made by an accountant. The exhibit was offered in evidence in the district court by Groswold, the present administrator, with the will annexed, to establish the unlawful diversion of funds by his predecessor in office, the plaintiff in error. The report bears the approval of the county judge, and was admitted without objection. It indicates that the books of the estate under the regime of the executrix were kept in a somewhat haphazard and indefinite way. In the language of the above report, it purports to contain ''The records of the estate as far as it was possible to obtain [them].'' The instrument clearly and specifically shows, however, item by item, the unauthorized withdrawal of funds of the estate by the executrix, and justifies the entry of the judgment against her.

■ Plaintiff in error makes no serious objection to being charged with the above amount, but claims a set-off in the sum of $5,950 for alleged advancements to the estate. The only subject-matter of the appeal from the county court to the district court, as far as the parties

before us are concerned, was on the question of the one item of $1,232.44 charged against the executrix, and, as we have indicated, the introduction of Exhibit A in the district court was limited to show this unauthorized diversion of funds, which purpose it accomplished. Counsel for the executrix, however, seeks to employ the exhibit as a means of enlarging the inquiry on appeal to the district court, to include her supposed claim of $5,950. But if it be said that such report demonstrates that the estate borrowed money, it must be also said that it goes farther, for it declares, "We have eliminated all of these loans from our Balance Sheet as we were unable to find any authorization." Furthermore, it does not appear in such report or elsewhere in the record, either that plaintiff in error filed a claim in the county court for a refund of borrowed money, or that the court approved or rejected the alleged demand. The terms, conditions, or duration of the loan are not stated.

If plaintiff in error had a meritorious claim against the estate, she should have presented it in the first instance for allowance and classification in the court of original jurisdiction (the probate court) where the estate is pending. *Whitlock v. Alliance Coal Co.,* 73 Colo. 205, 213, 214 Pac. 546. We do not undertake to prescribe the form of the claim in a case of this kind, since none was made at all, whether the estate borrowed money or not. Instead of making a claim therefor, the executrix, as stated above, joined with the auditor in reporting to the county court that certain loans, including the ones here in dispute, were eliminated from the balance sheet because unauthorized. In other words, the executrix acquiesced in the above, and the county court approved it.

Counsel for the executrix advances the theory that her report, as thus approved, has the force and effect of a binding decree of the county court in her favor with respect to her counterclaim for $5,950, which should have been ratified by the district court and incorporated in its

judgment. The language of the report, however, is more capable of an opposite interpretation. If it was, as counsel supposes, equivalent to a judgment of the county court allowing such counterclaim, it is difficult to understand why the executrix should desire to have it opened for re-examination and adjudication on her own appeal to the district court. One good judgment would seem to be enough. Or, if such report be regarded merely as evidence of facts upon which to base such claim, we must say that it is insufficient to establish it. Plaintiff in error did not testify in the district court, and no proof, other than the report itself, was offered in support of the counterclaim. We remark parenthetically that other undisputed claims allowed by the county court to plaintiff in error, such as widow's allowance, fees as executrix, and a claim upon a certain note assigned to her, are not involved in this proceeding.

The appeal to the district court upon the one question of unlawful diversion of funds of the estate by the executrix was taken by her in a probate matter, under section 5379, C. L. 1921. A judgment upon any question, either of law or fact, determined by the county court in probate matters may be appealed to the district court, without interrupting the proceedings as to the other matters not appealed from. *Miller v. Weston*, 25 Colo. App. 231, 239, 138 Pac. 424. The district court did not commit error in confining its judgment to the question raised on appeal.

Judgment affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.