The ESTES PARK BANK, a Colorado banking corporation, Plaintiff–Appellant,

v.

Dewey D. SHANKS and Genevieve M. Shanks, Defendants–Appellees.

No. 89CA0445.

Colorado Court of Appeals, Div. III.

June 14, 1990.

Wood, Herzog, Osborn & Bloom, P.C., Charles S. Bloom, Ft. Collins, for plaintiff-appellant.

James B. Dunlap, Lakewood, for defendants-appellees.

Opinion by Judge NEY.

Plaintiff, the Estes Park Bank, appeals from the permanent injunction as granted by the trial court to defendants, Dewey D. and Genevieve M. Shanks. We affirm.

The sole issue on appeal is whether the trial court erred in finding that plaintiff's failure to file the affidavits required by § 38–41–206, C.R.S. (1982 Repl.Vol. 16A) precluded it from proceeding with a sheriff's sale based on its October 18, 1983 levy or seizure. We conclude that the court did not err in so finding.

Plaintiff, in its effort to collect a $73,000 deficiency remaining after a foreclosure sale unrelated to the subject property, filed suit to set aside defendants' conveyance of a remainder interest of real property retaining a life estate to themselves. The trial court found that the conveyance was fraudulent, set it aside, and awarded judgment in the amount of $96,000 in favor of plaintiff. Defendants appealed that judgment.

To collect its judgment, on October 18, 1983, plaintiff served upon the sheriff of Larimer County a writ of execution. The sheriff levied upon the property on October 26, 1983. Five days later, a notice of levy or seizure dated October 18, 1983, was served upon defendants.

On November 7, 1983, while the judgment holding the conveyance invalid was still on appeal, defendants filed a claim of exemption claiming a homestead exemption arising under § 38–41–201, C.R.S. (1982 Repl.Vol. 16A).

In August 1988, having lost their appeals on the fraudulent conveyance issue, the defendants moved for a permanent injunction enjoining plaintiff from levying or executing against their real property. Defendants asserted that the plaintiff had failed to comply with the affidavit requirements of § 38–41–206. Accordingly, defendants claimed that this attempted levy was null and void under the statutory language. The court granted its permanent injunction restraining plaintiff from proceeding with a

sheriff's sale based on the October 18, 1983, levy or seizure. It is from that order that plaintiff appeals.

Plaintiff claims that when the General Assembly changed Colorado from a "declared" exemption state to an "automatic" exemption state in 1975, see Colo.Sess. Laws 1975, ch. 334, § 38–41–201, et seq., at 1444–6, the affidavit requirements of § 38–41–206 became moot and need not be followed in cases arising as a result of the "automatic" exemption provisions. Although we appreciate the logic of plaintiff's argument that an automatic homestead exemption is not discernable from the records, we are compelled to apply the statutes as promulgated by the General Assembly and, therefore, affirm the issuance of the permanent injunction.

Section 38–41–202 provides:

"Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon."

■ Section 38–41–206 requires the filing of affidavits prior to levy of homestead property. A levy made prior to the filing of the required affidavit is void. *Copeland v. Colorado State Bank*, 13 Colo.App. 489, 59 P. 70 (1899); see *Whitlock v. Alliance Coal Co.*, 73 Colo. 205, 214 P. 546 (1923). Plaintiff asserts that the construction of § 38–41–206 by *Copeland* and *Whitlock* are no longer the law since Colorado became an automatic exemption state in 1975. We disagree.

■ When a statute is reenacted, the judicial construction previously placed upon it is deemed approved by the General Assembly to the extent that the provision remains unchanged. Section 2–4–208, C.R.S. (1980 Repl.Vol.1B); *Creacy v. Industrial Commission*, 148 Colo. 429, 366 P.2d 384 (1961); see also *Rauschenberger*

*v. Radetsky,* 745 P.2d 640 (Colo.1989). If possible, a statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ Here, the affidavit requirement presently codified at § 38–41–206 was enacted in its original form in 1868. *See* Revised Statutes § 63 (1868). When the General Assembly changed Colorado from a "declared" homestead exemption state to an "automatic" exemption state in 1975, it reenacted § 38–41–206 so as to retain the affidavit requirement. Indeed, the requirements as set forth in the 1975 reenactment still exist and do so with greater specificity than they did in the prior enactments of the section.

Accordingly, we conclude that the General Assembly intended to retain the affidavit requirement. Because plaintiff did not comply with that requirement, the trial court did not err in enjoining plaintiff from proceeding against defendants on this writ of execution.

In light of our dispositions of this matter, we do not reach plaintiff's contention concerning the alleged violation of § 13–52–111, C.R.S. (1987 Repl.Vol. 6A).

The judgment is affirmed.

STERNBERG and PLANK, JJ., concur.