## HARVEY v. SPAULDING *et ux.*

1. REDEMPTION OF PROPERTY SOLD ON EXECUTION. After a judgment attached as a lien upon real estate, it was sold by the judgment defendant, and conveyed by a deed containing covenants against incumbrances and of warranty, after which it was sold under an execution issued upon the judgment. *Held:*

    1. That the judgment defendant was entitled to redeem said premises within one year after such sale.

    2. That the grantee also had a right to redeem as a subsequent purchaser.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 16.

A JUDGMENT was rendered against Spaulding, which became a lien on the real estate in controversy.  After the lien attached, Spaulding conveyed the property, by deed absolute, to one Holland, the deed " containing full covenants against incumbrances and of warranty."  *After* this conveyance, execution issued upon the judgment against Spaulding, and the real estate which had been conveyed to Holland was sold by the sheriff to the plaintiff.  The day before the year for redemption expired, Spaulding paid into the hands of the Clerk of the District Court the sum necessary to redeem the land from said sale.  The plaintiff refused to accept this redemption, and filed his petition to compel the sheriff to execute a deed.  His action being dismissed, the plaintiff appeals.

*John L. Harvey* for the appellant.

*Cooley & Eighmey* for the appellee.

DILLON, J.—The plaintiff contends that Spaulding, the judgment debtor, had no right to redeem from the sheriff's sale, because, before the sale, he had parted with all of his interest in the land, and because, at the time he sought to redeem, he had no interest whatever in the real estate.  In other words, it is claimed that Spaulding was a stranger to the land, and, therefore, not entitled to redeem from the sale thereof, under the judgment.

The question gives us no trouble.  The statute expressly provides that the judgment debtor " may redeem at any time within one year from the day of sale."  Rev., §§ 3332, 3342, 3358.

The plaintiff ingeniously argues that after the sale the judgment ceased to be a debt against Spaulding, and that

the plaintiff, in execution, could not call upon him to pay it again, it being discharged. The argument is not sound. If no sale of the land to Holland had ever been made, the same argument could be used against the right of Spaulding to redeem. In the latter case Spaulding might redeem and save the land. In the case at bar, he has an equal interest in making the redemption, and thus prevent liability on his covenants.

It is also argued that the right to redeem cannot be in both Holland and Spaulding, and that the conveyance to Holland operated to assign Spaulding's right to redeem. This argument is also untenable. It does not follow that the right of redemption cannot be in both. The true view is this: Spaulding, as the judgment debtor, certainly, where, as in the case at bar, he has conveyed with covenants, may, as such debtor, redeem.

His grantee, by virtue of his conveyance, has such an interest in the property as would also entitle him to redeem.

Affirmed.