[No. 5294.]
## ISAAC YOAKUM v. W. R. BOWER.

REDEMPTION OF PROPERTY SOLD UNDER EXECUTION.—A defendant in execution can redeem from an execution sale, notwithstanding he has conveyed to another, the property sold under execution.

IDEM.—It is not necessary for a judgment debtor, in effecting a redemption, to produce a certified copy of the judgment.

APPEAL from the District Court, Sixteenth-Judicial District, County of Kern.

On the seventh day of April, 1875, Lesser Hirshfeld recovered judgment in said court against Margaret J. Burdete, for the sum of $805.75. An execution was issued and placed in the hands of the defendant, who was sheriff of Kern county, and he, on the seventeenth day of May following, sold certain real estate by virtue of the same, and Hirshfeld became the purchaser at $723.40. Hirshfeld, on the eighth day of December, 1875, sold and assigned the sheriff's certificate of sale to the plaintiff, Yoakum, who, on the same day, demanded of the defendant a sheriff's deed of the property. The sheriff refused to execute the deed for the reason that the defendant in the execution had, on the seventeenth day of November, 1875, redeemed the property, and he had accepted the redemption money and given her a certificate of redemption. The plaintiff claimed that the redemption was ineffectual, because the defendant in the execution had, after the trial of the cause in which the judgment was rendered, and in December, 1874, conveyed the property sold on the execution to B. Brundage and Henry S. Moore. This was an application for a writ of mandate to compel the sheriff to execute and deliver a deed. The statute permits real property sold on execution to be redeemed:

1. By "the judgment debtor or his successor in interest in the whole or any part of the property;"

2. By "a creditor having a lien by judgment or mortgage on the property sold or on some share or part thereof, subsequent to that on which the property was sold."

The persons mentioned above in the second paragraph are termed redemptioners.

The statute provides that a redemptioner must produce to the officer or person from whom he seeks to redeem, and serve, with his notice to the sheriff, a copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court. The defendant Burdete, when she redeemed, did not produce such copy. The court rendered judgment for the defendant, and the plaintiff appealed.

*A. Campbell*, for the Appellant.

*A. W. Blair*, for the Respondent.

By the COURT:

1. A defendant in execution can redeem from an execution sale, notwithstanding he has conveyed to another the property sold under execution. The Code of Civil Procedure, section 701, provides in terms that property sold subject to redemption may be redeemed by the judgment debtor or his successor in interest in the whole, or any part of the property. The successor in interest may redeem, but the judgment debtor may also do so. The statute provides that the judgment debtor, as such, may redeem; not that he may redeem only, and in the event, that he has no successor in interest in the property sold under execution. There is no good reason why the statute, which is remedial in its character, should receive a narrow construction, in order to defeat the right of redemption which it intended to give. It might be that the judgment debtor has covenanted with his successor in interest to effect a redemption from the sale, and a variety of other cases might readily be imagined, in which the judgment debtor, even though he had sold the property, would still have an interest in effecting a redemption from the execution sale.

2. Nor was it necessary for the judgment debtor in effecting a redemption to produce a certificate or other credential required by section 705 of the Code of Civil Procedure.

That section applies only to "redemptioners," and these are only the persons mentioned in the second subdivision of section 701, and the "judgmen debtor" is not one of these.

Judgment affirmed.